ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company; PALMYRA PACIFIC ENTERPRISES, L.L.C., a Washington limited liability company; PPE LIMITED PARTNERSHIP, a Washington limited partnership; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; and FRANK SORBA, an individual,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

FILED
JAN 17 2007
U.S. COURT OF FEDERAL CLAIMS

No. 07-35 C

Judge

# COMPLAINT

## I. INTRODUCTION

1. Plaintiffs Kingman Reef Enterprises, L.L.C. ("KRE"); Palmyra Pacific Enterprises, L.L.C. ("PPE"); PPE Limited Partnership ("PPELP"); Palmyra Pacific Seafoods, L.L.C. ("PPS"); and Frank Sorba ("Sorba") (collectively, the "Plaintiffs") file this complaint for monetary damages against the United States under the takings clause of the Fifth Amendment to the U.S. Constitution.

2. On behalf of the United States of America, the Department of the Interior ("DOI") took final agency action by issuance of two January 18, 2001 Orders establishing the Palmyra Atoll National Wildlife Refuge and the Kingman Reef National Wildlife Refuge. The DOI is presently carrying out the terms of those Orders. The defendant's promulgation and implementation of those Orders resulted in the taking of plaintiffs' private property rights for a public purpose without the payment of just compensation.

3. Palmyra Atoll ("Palmyra"), an incorporated territory of the United States, is an atoll located approximately 1,000 nautical miles south of Hawaii.

4. Kingman Reef, a United States territory, is an emergent coral reef located approximately 1,000 nautical miles south of Hawaii and approximately 33 nautical miles from Palmyra.

5. PPE, PPELP, PPS and/or Sorba held property interests in and relating to Palmyra arising out of an exclusive license PPE, PPELP and PPS hold to establish a commercial fishing operation based on Palmyra and operating in waters around Palmyra and Kingman Reef.

6. On January 18, 2001, Secretary of the Interior Bruce Babbitt executed Order No. 3224 which designated Palmyra and surrounding waters to 12 nautical miles as a National Wildlife Refuge (the "Palmyra Designation").

7. The Palmyra Designation effected a taking of PPE's, PPELP's, PPS's and Sorba's property interests in and/or relating to Palmyra.

8. KRE and Sorba held property interests in and/or relating to Kingman Reef arising out of KRE's exclusive license to establish a commercial fishing operation based on Kingman Reef. PPE, PPELP, PPS and Sorba held property interests in and/or relating to Kingman Reef arising out of the exclusive license PPE, PPELP and PPS hold to establish a commercial fishing operation based on Palmyra and operating in waters around Palmyra and Kingman Reef.

9. On January 18, 2001, Secretary of the Interior Bruce Babbitt executed Order No. 3223 which designated Kingman Reef and surrounding waters to 12 nautical miles as a National Wildlife Refuge (the "Kingman Designation").

10. The Kingman Designation effected a taking of KRE's, PPE's, PPELP's, PPS's and Sorba's property interests in and relating to Kingman Reef.

11. By this Complaint, Plaintiffs seek just compensation for the United States' unconstitutional taking of Plaintiffs' property in violation of the Fifth Amendment to the U.S. Constitution.

## II. PARTIES

12. Plaintiff KRE is a Washington limited liability company.

13. Plaintiff PPE is a Washington limited liability company.

14. Plaintiff PPELP is a Washington limited partnership.

15. Plaintiff PPS is a Washington limited liability company that established and operated a commercial fishing operation within the ocean waters surrounding Kingman Reef and Palmyra with facilities located on Palmyra.

16. Plaintiff Frank Sorba is a citizen of the State of Washington and is the manager of KRE, PPE, PPELP, and PPS.

17. Defendant is the United States of America, acting by and through the United States Department of Interior ("DOI"). DOI is an agency of the United States Government, and is subject to the federal laws and Constitution of the United States.

## III. JURISDICTION

18. The United States Court of Federal Claims has jurisdiction over this matter pursuant to 28 U.S.C. §1491(a)(1).

19. Plaintiffs have suffered injury in fact and continue to suffer from the actions taken by the Defendant.

20. There exists now between the parties hereto an actual, justiciable controversy in which the Plaintiffs are entitled to relief in the form of monetary damages because of the facts and circumstances hereinafter set out.

## IV. STATEMENT OF FACTS

21. On or about November 17, 2000, KRE entered into a valid license agreement (the "Kingman License") concerning commercial fishing in and around Kingman Reef. Pursuant to the Kingman License, KRE holds the exclusive right to establish a commercial fishing operation on Kingman Reef.

22. The Kingman License had an initial five-year term and KRE held an option to renew it for a second five-year term.

23. On or about July 1, 1999 PPE entered into a valid license agreement (the "Palmyra License") relating to Palmyra and Kingman Reef. Pursuant to the Palmyra License, PPE holds the exclusive right to establish a commercial fishing operation on Palmyra and to fish in certain waters surrounding Palmyra and Kingman Reef.

24. The Palmyra License had an initial term of five years, and PPE held an option to renew it for a second five-year term.

25. Through PPELP, PPS secured from PPE an exclusive sublicense (the "Palmyra Sublicense") entitling PPS to exercise PPE's rights under the Palmyra License. The Palmyra Sublicense entitles PPS to establish a commercial fishing operation on Palmyra and to fish in certain waters surrounding Palmyra and Kingman Reef.

26. Pursuant to the Palmyra Sublicense, in or around July 2000 PPS established a commercial fishing operation with facilities located on Palmyra; made improvements to real property, buildings, and facilities located on Palmyra; and commenced commercial fishing in the waters surrounding Palmyra and Kingman Reef. PPS made a significant investment in obtaining, developing and operating its commercial fishing operation from Palmyra.

27. On January 18, 2001, then Secretary of the Interior Bruce Babbitt signed Order No. 3223 designating Kingman Reef and the surrounding submerged lands and waters out to a

distance of 12 nautical miles as a National Wildlife Refuge. In effect, the Kingman Designation prohibits public access to Kingman Reef, prohibits commercial fishing in some of the most productive open ocean fishing grounds in the world, and grants all rights to the use, enjoyment, and conservation of Kingman Reef to the United States Government.

28. That same day (January 18, 2001), Secretary of the Interior Babbitt signed Order No. 3224 designating Palmyra Atoll and the surrounding submerged lands and waters out to a distance of 12 nautical miles as a National Wildlife Refuge. In effect, the Palmyra Designation prohibits Plaintiffs from engaging in any commercial fishing operations on or near Palmyra and prohibits commercial fishing in some of the most productive open ocean fishing grounds in the world.

29. The property interests of the Plaintiffs have been directly confiscated, taken, and rendered wholly and completely worthless by the Palmyra Designation.

30. The property interests of the Plaintiffs have been directly confiscated, taken, and rendered wholly and completely worthless by the Kingman Designation.

31. The prohibition on public access and on commercial fishing resulting from the Palmyra Designation and the Kingman Designation renders worthless Plaintiffs' property interests in (i) their license agreements, (ii) the improvements they made to the commercial fishing facilities on Palmyra, and (iii) their commercial fishing enterprises.

32. The actions of the United States Government in enacting and administering the Palmyra Designation and the Kingman Designation have taken valuable property interests of the Plaintiffs for a public use without payment of just compensation in violation of the Fifth Amendment to the United States Constitution.

33. The United States has not offered any compensation for Plaintiffs' property taken by the Palmyra Designation or the Kingman Designation

## V. FIRST CAUSE OF ACTION

### CATEGORICAL TAKING OF PRIVATE PROPERTY IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

34. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 33.

35. The Fifth Amendment to the United States Constitution prohibits the United States Government from taking private property for public use without just compensation.

36. At all relevant times, Plaintiff KRE owned a valid license to operate a commercial fishing operation on and in the waters surrounding Kingman Reef which comprise the Kingman Reef National Wildlife Refuge.

37. At all relevant times, Plaintiffs PPE, PPELP and PPS owned a valid license to operate a commercial fishing operation on Palmyra and to commercially fish the waters within the waters surrounding Palmyra and Kingman Reef, which comprise the National Wildlife Refuges.

38. All the Plaintiffs have invested significant sums of money in perfecting and exercising the full range of their private property rights relating to Palmyra and Kingman Reef.

39. Through enactment of Secretarial Orders No. 3223 and 3224, the United States has restricted public access to and assumed actual physical control of Palmyra Kingman Reef, and the surrounding waters, thereby barring the Plaintiffs from entering Palmyra, Kingman Reef and the surrounding waters.

40. By taking away the Plaintiffs' right to access and use Palmyra, Kingman Reef, and the surrounding waters, the United States has extinguished and interfered with private property interests of Plaintiffs. The United States has permanently occupied and eliminated all

economically viable use of Kingman Reef, Palmyra, and the surrounding waters; and has eliminated all economically viable use of the Kingman License, the Palmyra License, and the Palmyra Sublicense.

41. The United States effected this categorical taking without payment of just compensation in violation of the Fifth Amendment.

## VI. SECOND CAUSE OF ACTION

### REGULATORY TAKING OF PRIVATE PROPERTY IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41.

43. Government actions that deny private property owners any or all economically viable uses of their property violate the Fifth Amendment, unless adequate compensation is paid to the private property owners.

44. The United States, by designating Palmyra, Kingman Reef and the surrounding waters as National Wildlife Refuges, has prohibited the Plaintiffs from entering Palmyra, Kingman Reef and the waters surrounding them.

45. The United States' actions have denied Plaintiffs any and all economically viable use of the Kingman License, the Palmyra License and the Palmyra Sublicense, and certain property installed on Palmyra pursuant to those agreements.

46. In the event the United States has not effected a categorical or *per se* taking, it has effected a complete and total regulatory taking by eliminating any and all economically viable use of Kingman Reef, Palmyra, the surrounding waters, the Kingman License, the Palmyra License, and the Palmyra Sublicense.

## VII. RELIEF REQUESTED

47. Plaintiffs respectfully request that the Court order the United States of America to pay Plaintiffs just compensation in an amount to be determined in these proceedings for the taking of Plaintiffs' private property.

48. Plaintiffs respectfully request that the court award them their reasonable attorneys fees and costs incurred in the prosecution of this action.

49. Plaintiffs respectfully request that the Court issue such additional relief as it deems to be just and proper.

Dated this 17th day of January 2007.

Arnold & Porter, LLP

By: ______________________
Howard N. Cayne
555 Twelfth Street, NW
Washington, DC 20004
Tel: (202) 942-5999
Fax: (202) 942-5999

Counsel for plaintiffs Kingman Reef Enterprises, LLC; Palmyra Pacific Enterprises, L.L.C.; PPE Limited Partnership; Palmyra Pacific Seafoods, L.L.C. and Frank Sorba

*Of counsel*:
David B. Bergman
Michael A. Johnson