IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company; PALMYRA PACIFIC ENTERPRISES, L.L.C., a Washington limited liability company; PPE LIMITED PARTNERSHIP, a Washington limited partnership; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; AND FRANK SORBA, an individual, | ) | No. 07-35<br>Judge Bruggink |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court order plaintiffs to provide a more definite statement of their claims. Plaintiffs' complaint is so vague and ambiguous that the Government cannot reasonably file a response to it or determine whether this proceeding is related to other pending cases.

Rule 12(e) empowers this Court to order a party to file a more definite statement if the original pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a response." RCFC 12(e). Allowing a confusing complaint to signify a proper pleading "would not serve 'the just, speedy, and inexpensive determination of ... [the] action,'" Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting RCFC 1(a)(2)). Likewise, "a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult

for the trial court to conduct orderly litigation." Id. at 293 (quoting Vicom, Inc., v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)). In such a situation, both the United States Supreme Court and this Court have expressly sanctioned ordering more definite statements pursuant to Rule 12(e) to ensure that a defendant has fair notice. Conley v. Gibson, 355 U.S. 41, 47-48 n. 9 (1957); Scogin, 33 Fed. Cl. at 293.

In the complaint, plaintiffs claim they are owed compensation because the United States allegedly committed a taking of their property interests when it established the Palmyra Atoll National Wildlife Refuge and the Kingman Reef National Wildlife Refuge. Compl. ¶¶ 1, 2. However, plaintiffs never adequately define exactly what property interests were taken from them or whether such property interests are valid and vested. Instead, plaintiffs make vague and ambiguous allegations about rights, options and term limits pursuant to various leases and subleases, but do not attach copies of these leases and subleases to their complaint. Compl. ¶¶ 21-33; see also RCFC 9(h)(3) (requiring that, if plaintiff's claim is founded upon a contract with the Government, plaintiff must include a sufficient description of the contract and either plead the substance of the contract or attach a copy of the contract) and RCFC 9(h)(7) (requiring plaintiff to identify the specific property interest that plaintiff contends has been taken by the United States in any action for the payment of just compensation pursuant to the Fifth Amendment). Plaintiffs also do not identify who leased them their alleged rights, whether it was a governmental entity or a private party, or when the terms of any leases and subleases commenced and expired.

For example, Paragraph 22 to the complaint merely states that "the Kingman License had an initial five-year term and KRE held an option to renew it for a second five-year term." A

similar statement is made for the Palmyra License in Paragraph 23. The complaint then proceeds to broadly describe the Kingman License as "concerning commercial fishing in and around Kingman Reef" and the Palmyra License as "relating to Palmyra and Kingman Reef." Compl. ¶¶ 21, 23. Nothing more is said about whether the five-year lease terms started five years ago or a hundred years ago. It is even possible that the lease terms have not started yet, in which case plaintiffs may be asserting a property interest that has not vested.

Also, the lessor or lessors of the leases are never identified in the complaint. This missing information is crucial for several reasons. First, if the lessor had no valid property interest to lease, then the plaintiffs have no valid property interest that could be taken under the Fifth Amendment of the Constitution. Second, if the lease was issued by the Government, then defendant needs to know whether plaintiffs intend to pursue contract breach claims before it can sufficiently answer the complaint.

Finally, there are several ongoing disputes regarding Kingman Reef and Palmyra. There is a Federal Quiet Title Act ("QTA") action currently pending in the United States District Court for the District of Hawaii regarding Kingman Reef. Kingman Reef Atoll Investments, L.L.C. v. United States, Civil Docket No. 05-00151. The Government has argued that the case is time-barred under the twelve-year statute of limitations in the QTA, 28 U.S.C. §2409a(g), and is scheduled to file a motion to dismiss the case by March 7, 2007. Before this Court, there is another takings case regarding Kingman Reef involving Kingman Reef Atoll Investments, L.L.C. ("KRAI"). Kingman Reef Atoll Investments, L.L.C., et al. v. United States, Fed. Cl. No. 06-828L (Judge Horn presiding). In that case, KRAI, who is not a plaintiff in this case, claims that it acquired title to Kingman Reef. Depending upon the identity of the lessor or lessors of these

mysterious leases and subleases at issue, this case may be related to, and possibly even dependent upon, these other pending cases.

Indeed, in Kingman Reef Atoll Investments, L.L.C., et al. v. United States, Fed. Cl. No. 06-828L (Judge Horn presiding), the Government represented to the Court that it lacked sufficient information to decide whether this case is related, and that the Government planned to file this motion to obtain the necessary facts to make that determination as soon as possible. As a result, Judge Horn ordered the Government to report to the Court the status of the Government's efforts on or before March 7, 2007. See Attachment 1, attached hereto.

Moreover, without a copy of the leases and subleases identified in the complaint, defendant is unable to identify what rights were transferred to plaintiffs, and, thus, can not answer whether these unknown rights were legally taken by any Governmental action. Defendant also can not determine whether the leases and subleases contain warranties or other liability provisions that provide defenses to plaintiffs' claims. Therefore, without further information, defendant cannot reasonably respond to plaintiffs' deficient complaint.

For these reasons, we respectfully request the Court to order plaintiffs to provide a more definite statement of their claims.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/Mark A. Melnick by Donald E. Kinner
MARK A. MELNICK
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Flr.
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3689
Fax: (202) 305-7643

February 20, 2007

Attorneys for Defendant