**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company; PALMYRA PACIFIC ENTERPRISES, L.L.C., a Washington limited liability company; PPE LIMITED PARTNERSHIP, a Washington limited partnership; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; and FRANK SORBA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-35L<br><br>Judge Bruggink |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiffs Kingman Reef Enterprises, L.L.C. ("KRE"); Palmyra Pacific Enterprises, L.L.C. ("PPE"); PPE Limited Partnership ("PPELP"); Palmyra Pacific Seafoods, L.L.C. ("PPS"); and Frank Sorba ("Sorba") (collectively, the "Plaintiffs") oppose defendant's motion for a more definite statement of the allegations in Plaintiffs' complaint. Rule 8 requires Plaintiffs to submit only a "short and plain statement of the claim showing that the pleader is entitled to relief,"[1] and Plaintiffs' existing complaint meets that standard.

Nevertheless, Plaintiffs intend to submit an amended complaint that (1) provides additional detail concerning the nature and source of Plaintiffs' property interests insofar as they arise out of the agreements referenced in the existing complaint as the "Palmyra License" and the

[1] RCFC 8(a)(2).

"Palmyra Sublicense," and (2) deletes all allegations concerning any taking of a property interest arising out of the agreement referenced in the existing complaint as the "Kingman License." The parties have agreed to a proposed schedule under which Plaintiffs will file their amended complaint on or before April 13, 2007, and defendant will file its responsive pleading on or before June 29, 2007.

## I. PLAINTIFFS' EXISTING COMPLAINT IS SUFFICIENT

As Judge Futey's recent decision in the *Federal Air Marshalls* case reiterates, the Rule underlying defendant's motion, RCFC 12(e), must be read in conjunction with the "General Rules of Pleading" set forth in RCFC 8.[2] Rule 8 requires a complaint to contain only "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim, showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3] Where a complaint meets the standard set by Rule 8, defendant is not entitled to any more definite statement.[4]

Defendant questions only whether Plaintiffs have adequately provided the "short and plain statement of the claim" required by RCFC 8(a)(2), not the jurisdictional assertion required by RCFC 8(a)(1) or the demand for judgment required by RCFC 8(a)(3). Under RCFC 8(a)(2), a complaint is sufficient if it "includes both the legal basis for the claim and a brief summary of facts supporting the claim, such that defendant is provided with 'fair notice' of the plaintiff[s'] claim in order to frame a response," as Judge Merow held in the 2005 *Van Allen* case.[5]

---

[2] *Federal Air Marshalls v. United States*, 74 Fed. Cl. 484, 488 (2006).

[3] *Id*. (quoting RCFC 8(a)).

[4] *See id*. (because under RCFC 8, "[p]laintiffs . . . adequately pleaded their claim," defendant's Rule 12(e) "motion for a more definite statement" was "denied") (capitalization changed).

[5] *Van Allen v. United States*, 66 Fed. Cl. 294, 297 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Defendant claims that Plaintiffs' complaint is insufficient to permit defendant to frame a response because the complaint is purportedly "vague and ambiguous" and "confusing."[6] That is not correct. Defendant's own motion demonstrates that the complaint relates the critical elements of Plaintiffs' claim in more than enough detail to permit defendant to frame its response, and that much of defendant's purported confusion results from its own failure to review Plaintiffs' allegations carefully.

Defendant's motion acknowledges Plaintiffs' central allegation — that "the United States . . . committed a taking of [plaintiffs'] property interests when it established the Palmyra Atoll National Wildlife Refuge and the Kingman Reef National Wildlife Refuge."[7] Defendant also acknowledges that Plaintiffs base their claim upon property interests created "pursuant to various [licenses] and sub[licenses],"[8] which defendant mistakenly refers to in its motion — contrary to the express language of the complaint — as "leases and subleases."[9] Defendant also notes in its motion that plaintiffs' complaint makes clear that the property interests at issue "concern[] commercial fishing" and "relat[e] to Palmyra and Kingman Reef."[10] — the two Pacific Atolls the government designated as Wildlife Refuges. Although those allegations alone suffice for purposes of Rules 8(a) and 12(e), plaintiffs' complaint also includes additional detail the defendant claims to be unable to discern,

For example, defendant acknowledges that Plaintiffs pled that each license "had an initial five-year term and [that Plaintiffs] held an option to renew [the licenses] for a second five-year

[6] Def. Mot. at 1-2.
[7] *Id*. at 2.
[8] *Id*.
[9] *Compare* Def. Mot. at 2 *with* Complaint at ¶¶ 21-25.
[10] Def. Mot. at 2-3.

term," but then claims that it cannot determine from the complaint "whether the five-year [license] terms started five years ago or a hundred years ago."[11] That is wrong; plaintiffs' complaint states the date each license agreement was executed.[12] Each such date is from 1999 or 2000 — not "a hundred years ago." The complaint also states that "[p]ursuant to [one such license,] the Palmyra Sublicense, *in or around July 2000* [plaintiff] PPS established a commercial fishing operation with facilities located on Palmyra."[13] Thus, it is apparent from the text of the complaint that the five-year terms of the licenses commenced substantially upon their execution. To the extent that defendant desires a more precise timeframe than that, it is entitled to take discovery to determine it.

Defendant also claims that it is unable to determine whether Plaintiffs' licenses were granted by the government or a private party.[14] Surely, the government can determine from its own records whether it entered into licenses (1) executed on the dates *specified in the complaint*, and (2) governing the activities *specified in the complaint*, and (3) pertaining to the geographic areas *specified in the complaint*. As Judge Futey held in *Federal Air Marshalls*, where "the defendant has control of [relevant] records itself, it can easily access those records in discovery and better establish the [facts] in question."[15] In any event, as defendant notes, Rule 9 imposes procedural requirements on plaintiffs pursuing rights under government contracts;[16] Plaintiffs did not utilize those procedures because their licenses were not granted by the government.

---

[11] *Id*.

[12] *See, e.g.*, Complaint at ¶ 23 ("On or about July 1, 1999, [plaintiff] PPE entered into a valid license agreement (the "Palmyra License") relating to Palmyra and Kingman Reef.").

[13] Complaint at ¶ 26.

[14] Def. Mot. at 3.

[15] 74 Fed. Cl. at 488.

[16] Def. Mot. at 2.

Defendant's purported "confus[ion]"[17] about the nature of Plaintiffs' claim is self-inflicted, and it provides no basis for defendant's motion. Here, as in *Federal Air Marshalls*, Plaintiffs' complaint is sufficient, and defendant's motion for a more definite statement should be "denied."[18]

## II. PLAINTIFFS WILL FILE AN AMENDED COMPLAINT

Notwithstanding the sufficiency of the allegations in their existing complaint, Plaintiffs intend to file an amended complaint that (1) provides additional detail concerning the nature and source of Plaintiffs' property interests insofar as they arise out of the agreements referenced in the existing complaint as the "Palmyra License" and the "Palmyra Sublicense," and (2) deletes all allegations concerning any taking of a property interest arising out of the agreement referenced in the existing complaint as the "Kingman License."

Plaintiffs expect their amended complaint to include the Palmyra License and the Palmyra Sublicense as exhibits, which will provide even more detail regarding each issue upon which defendant claims to be "confus[ed]" as to the underlying facts. In addition, the amended complaint will further demonstrate that Plaintiffs' property interests at issue here are neither dependent upon nor related to the allegations underlying a separate action pending before Judge Horn, *Kingman Reef Atoll Investments, LLC v. United States* (Fed. Cl. No. 06-828L).

The parties have conferred regarding the schedule for filing Plaintiffs' complaint and defendant's responsive pleading. Plaintiffs intend to file their amended complaint on or before April 13, 2007, and defendant has agreed to file its responsive pleading on or before June 29, 2007. That agreed schedule is reasonable — in cases where the Court has *granted* motions for a

---

[17] Def. Mot. at 2-3.

[18] *Id*.

more definite statement and ordered plaintiffs to remedy defective complaints, plaintiffs have been given far longer to file their amended pleadings[19] — and Plaintiffs' respectfully request that the Court adopt it.

## CONCLUSION

Plaintiffs' existing complaint is sufficient to put defendant on notice of the facts and legal principles underlying Plaintiffs' claims, and it includes more than enough detail to permit defendant to frame a response. Nothing more is required. Nevertheless, Plaintiffs will file an amended complaint, including as exhibits the written agreements that establish the property interests at issue. Accordingly, Plaintiffs respectfully request that the Court deny defendant's motion for a more definite statement.

Respectfully submitted,

/s/ Howard N. Cayne
Howard N. Cayne
555 Twelfth Street, NW
Washington, DC 20004
Tel: (202) 942-5999
Fax: (202) 942-5999

*Of counsel*:
David B. Bergman
Michael A. Johnson

Counsel for plaintiffs Kingman Reef Enterprises, LLC; Palmyra Pacific Enterprises, L.L.C.; PPE Limited Partnership; Palmyra Pacific Seafoods, L.L.C. and Frank Sorba

[19] *See, e.g.*, *Humphries v. United States*, 44 Fed. Cl. 81, 82 (1999) (granting plaintiff 180 days to file amended complaint); *Van Allen*, 66 Fed. Cl at 299 (giving plaintiff approximately two months to file amended complaint).