**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company; PALMYRA PACIFIC ENTERPRISES, L.L.C., a Washington limited liability company; PPE LIMITED PARTNERSHIP, a Washington limited partnership; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; and FRANK SORBA, an individual,<br>*Plaintiffs*,<br>v.<br>THE UNITED STATES,<br>*Defendant*. | No. 07-35L<br>Judge Christine Miller |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY CONCERNING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Plaintiffs respectfully request leave to file the accompanying surreply. The surreply is necessary to correct a false factual assertion the defendant offers in its reply brief — the claim that Plaintiffs' private, transferable License to establish a commercial fishing operation using an airstrip, harbor, and base camp on the emergent land of Palmyra terminated in 2001. Because the defendant first offered the assertion in its reply brief, Plaintiffs' only opportunity to address it is by a surreply.

In its reply brief, the government argues that if the government's January 2001 designation of the Palmyra National Wildlife Refuge constituted a taking of Plaintiffs' rights under the License, "such a taking would have triggered [the termination provision of] section 7.01 of [plaintiffs'] license," that upon such a taking the license "would have 'at once ceased and

terminated,'" and that "plaintiffs' own actions reflect that the license has been terminated."[1] The defendant's assertion is not correct; correspondence exchanged in 2004 in the ordinary course of business between Plaintiffs and their licensor establishes that neither party believed the license had terminated in 2001. Plaintiffs present and discuss one such item in their surreply.

Because the defendant's reply brief improperly relies upon a new factual assertion that is demonstrably false, Plaintiffs respectfully request leave to file a surreply establishing that neither Plaintiffs nor their licensor believed — or acted as if — the license had terminated in 2001, as the defendant now incorrectly claims.

Dated: September 25, 2007

Respectfully submitted,

/s/ Howard N. Cayne
Howard N. Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Tel: (202) 942-5000
Fax: (202) 942-5999

*Counsel for plaintiffs Kingman Reef Enterprises, L.L.C.; Palmyra Pacific Enterprises, L.L.C.; PPE Limited Partnership; Palmyra Pacific Seafoods, L.L.C.; and Frank Sorba*

*Of counsel*:
David B. Bergman
Michael A. Johnson

[1] Def. Reply (Sept. 5, 2007) at 13.