# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company; PALMYRA PACIFIC ENTERPRISES, L.L.C., a Washington limited liability company; PPE LIMITED PARTNERSHIP, a Washington limited partnership; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; and FRANK SORBA, an individual,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.

No. 07-35L

Judge Christine Miller

## PLAINTIFFS' SURREPLY CONCERNING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

In its reply brief, the defendant incorrectly claims that Plaintiffs' private, transferable License to establish a commercial fishing operation using an airstrip, harbor, and base camp on the emergent land of Palmyra terminated in 2001. Specifically, the government argues that if the government's January 2001 designation of the Palmyra National Wildlife Refuge constituted a taking of Plaintiffs' rights under the License, "such a taking would have triggered [the termination provision of] section 7.01 of [plaintiffs'] license," that upon such a taking the license "would have 'at once ceased and terminated,'" and that "plaintiffs' own actions reflect that the license has been terminated."[1] As we explain below, that is not correct. Because the defendant's reply brief improperly relies upon a new factual assertion that is demonstrably false, Plaintiffs respectfully submit this surreply.

[1] Def. Reply (Sept. 5, 2007) at 13.

More than three years after the events that the government now claims terminated the License, Plaintiffs' licensor acknowledged that the License remained valid and effective notwithstanding those events. Specifically, on July 23, 2004, the Nature Conservancy wrote Plaintiffs concerning the "License Agreement between Palmyra Development Co., Inc., and Palmyra Pacific Enterprises, LLC."[2] In that letter, the Conservancy noted that "some time ago [it had] assumed the License Agreement . . . and stepped into the shoes of Palmyra Development Co., Inc. as Licensor." The Conservancy then explained that "[a]s Licensor, we are writing to inform you that *the License Agreement expired without renewal or extension on July 1, 2004*."[3] The License could not have "expired" in 2004 if, as the defendant incorrectly argues, it had terminated in 2001.

In establishing the Palmyra National Wildlife Refuge and "clos[ing] the refuge to commercial fishing," the government took Plaintiffs' rights under the License and rendered them worthless. Contrary to the defendant's contention, nothing in the License absolves the defendant of the obligation to pay just compensation to Plaintiffs for that taking.

[2] Letter from MacKinnon to Palmyra Pacific Enterprises, LLC (July 23, 2004) (copy attached as Exh. A).

[3] *Id*. (emphasis added).

Dated: September 25, 2007

Respectfully submitted,

/s/ Howard N. Cayne
Howard N. Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Tel: (202) 942-5000
Fax: (202) 942-5999

*Counsel for plaintiffs Kingman Reef Enterprises, L.L.C.; Palmyra Pacific Enterprises, L.L.C.; PPE Limited Partnership*; *Palmyra Pacific Seafoods, L.L.C.; and Frank Sorba*

*Of counsel*:
David B. Bergman
Michael A. Johnson