IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company; PALMYRA PACIFIC ENTERPRISES, L.L.C., a Washington limited liability company; PPE LIMITED PARTNERSHIP, a Washington limited partnership; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; AND FRANK SORBA, an individual, | No. 07-35<br>Judge Christine O.C. Miller |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully requests leave to submit supplemental authority in response to plaintiffs' motion for leave to submit documents, filed on October 18, 2007, and granted by the Court that same day. In their motion, plaintiffs allege that the United States established the Palmyra National Wildlife Refuge and closed the refuge to commercial fishing not for a public benefit, but to nullify plaintiffs' license. Pl. Mot. at 2.

In response to plaintiffs' allegation, defendant directs the Court to the statute governing the National Wildlife Refuge System ("System"), 16 U.S.C. § 668dd. The statute provides that:

> The mission of the System is to administer a national network of lands and waters for the conservation, management, and where appropriate, restoration of the fish, wildlife, and plant resources and their habitats within the United States for the benefit of present and future generations of Americans. . . .

> With respect to the System, it is the policy of the United States that– . . . each refuge shall be managed to fulfill the mission of the System, as well as the specific purposes for which that refuge was established. . . .

16 U.S.C. §668dd(a)(2) & (3)(A).[1] Pursuant to the statute, when an area is designated as part of the System, all wildlife-dependent recreational use is prohibited until the Secretary of the Department of Interior completes the process for determining whether the recreational use is a compatible use within the refuge. 16 U.S.C. § 668dd(a)(3)(D). Therefore, the Palmyra National Wildlife Refuge ("Palmyra Refuge") was closed to commercial fishing because of the statute and the purpose of the refuge, not for the purpose of nullifying plaintiffs' license. Any effect on plaintiffs' license was an incidental or consequential effect of the Government's actions in developing the Palmyra refuge "for the benefit of present and future generations of Americans." 16 U.S.C. §668dd(a)(2).

Moreover, the Palmyra refuge consisted of tidal lands, submerged lands, and waters out to 12 nautical miles. Compl. Ex. G. There is no private right to tidal lands or submerged lands, and there is no private right to fish in the surrounding waters of Palmyra. United States v. California, 332 U.S. 19 (1947); Pollard's Lesse v. Hagen, 44 U.S. 212 (1845); see also Pl. Opp. at 12. Therefore, there can be no license right that was directly effected by the Government's actions.

[1] The order establishing the Palmyra National Wildlife Refuge stated its purpose as follows: "The Refuge is established to protect and preserve the natural character of fish, wildlife, plants, coral reef communities and other resources associated with the tidal lands, submerged lands, and waters of Palmyra. Compl. Ex. G.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick by Kirk Manhardt
MARK A. MELNICK
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 305-3689
Fax: (202) 305-7643

October 19, 2007

Attorneys for Defendant